## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Terrel A. Berry,                                           Civ. No. 08-4859 (ADM/JJK)

        Petitioner,

v.                                                         **REPORT AND**
                                                           **RECOMMENDATION**

Joan Fabian,

        Respondent.

---

Terrel A. Berry, #134336, 7600  525th Street, Rush City, MN 55069, *pro se*.

Peter R. Marker, Minnesota Attorney General, 445 Minnesota Street, Suite 900, St. Paul, MN 55101, counsel for Respondent.

---

JEFFREY J. KEYES, United States Magistrate Judge

This matter is before the Court on Petitioner's Amended Application for Habeas Corpus under 28 U.S.C. § 2254.  (Doc. No. 7.)  Petitioner's Amended Application relates to his conviction in state court that arose out of the two burglaries that he committed in 2003.  The case has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, this Court recommends that Petitioner's Amended Application be denied and this action be dismissed with prejudice.

## I.    BACKGROUND

On March 21, 2003, Petitioner gained entry into the apartment of an 81-year old man by posing as a female employee of the apartment complex where the victim lived.  The victim was blind, hearing-impaired, and communicated

through a specially-equipped television monitor.  Petitioner used the monitor to ask the victim for money, and the victim gave him $2.  Petitioner then entered the victim's bedroom and stole an additional $420.  Approximately four months later, on July 17, 2003, Petitioner entered the same victim's apartment again, this time gaining entry by posing as a package deliverer.  Petitioner stole the victim's checks, and fraudulently cashed them for approximately $1,056.

On March 23, 2004, Petitioner pled to two counts of first-degree burglary in violation of Minn. Stat. §§ 609.582, subd. 1(a), 609.1095, subd. 3 (2002).  The Hennepin County District Court imposed sentences of 120 and 60 months to be served consecutively.  Both sentences were upward durational departures from the sentencing guidelines presumptive sentence.

Petitioner appealed based on the fact that a jury had not made the factual findings supporting the aggravating factors that led to the upward durational departures from the sentencing guidelines presumptive sentence.  Based on the then-newly decided United States Supreme Court decision in *Blakely v. Washington*, 542 U.S. 296 (2004), the Minnesota Court of Appeals remanded for resentencing.  *State v. Berry*, No. A04-1435, 2005 WL 1021374 (Minn. Ct. App. May 3, 2005) ("*Berry I*"), *review denied* (Minn. July 19, 2005).

On remand, the State provided notice that it would seek an upward durational departure and moved to empanel a sentencing jury to determine the existence of aggravating factors.  Raising claims of potential double jeopardy and *ex post facto* violations, Petitioner opposed the motion, arguing that only a

presumptive sentence without upward durational departure could lawfully be imposed.  He argued that, on remand, he was being placed on trial for a new offense—two counts of first-degree burglary with the presence of aggravating factors—which amounted to a reprosecution to a greater degree of the same offense for which he had already been convicted.

The trial court granted the State's request to empanel a sentencing jury "for purposes of the departure issues."  Petitioner, however, then waived his right to a sentencing jury and agreed that the determination of any aggravating factors could be tried to the court.  He plead not guilty to the aggravating factors, leaving the State with the burden to prove to the court the existence of aggravating factors beyond a reasonable doubt.  On March 16, 2006, the court found that the State proved beyond a reasonable doubt the existence of three aggravating factors:  (1) the victim was particularly vulnerable due to age, infirmity, or reduced physical capacity, which was known or should have been known by Petitioner; (2) Petitioner intentionally selected his victim because of the victim's disability and age; and (3) Petitioner was a dangerous offender.  In addition, the court found that there were severe aggravating factors related to the second burglary, including the fact that Petitioner returned to the victim's apartment and revictimized him with knowledge of his vulnerability.

The court re-imposed its original sentences of 120 and 60 months to be executed consecutively.  The 120-month sentence is a double-durational departure from the presumptive sentence of 60 months and the 60-month

sentence is almost a triple-durational departure from the presumptive sentence of 21 months.

Petitioner again appealed.  The Minnesota Court of Appeals affirmed, *State v. Berry*, No. A06-1104, 2007 WL 2472119 (Minn. Ct. App. Sept. 4, 2007) ("*Berry II*"), and on November 13, 2007, the Minnesota Supreme Court denied further review.  Thereafter, Petitioner filed for habeas relief with this Court.  In his Amended Application, Petitioner asserts that his state court conviction was "obtained by violation of the protection against double jeopardy."  (Doc. No. 7.) He describes his claim as follows:

> We assert that the aggravating factors were determined in error as they were illegally used on both counts as revictimization of the same offense, also where a upward departure shall not be imposed where there was an imposition of consecutive sentences wherein the state charged elements of an enhanced version of the same offense for which I were already convicted, which clearly violated the double jeopardy clause.

(Doc. No. 7.)

There appear to be two aspects to Petitioner's double-jeopardy claim. First, Petitioner contends that it was a constitutional double-jeopardy violation for the state court on remand to consider and determine aggravating factors for upward durational departure because this is allegedly equivalent to a reprosecution of the burglary offense with aggravating factors.  Second, he contends that it was a violation of constitutional double-jeopardy protection for the sentencing court to rely on revictimization as an aggravating factor in

4

concluding that there were severe aggravating factors justifying a triple-upward-durational departure on the second burglary count.

## II.    STANDARD OF REVIEW

Petitioner has the difficult task of showing that he is entitled to habeas relief under the standards of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Section 2254 of the AEDPA provides that a district court will entertain a petition for writ of habeas corpus submitted by a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Section 2254 further provides that a habeas corpus petition:

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d).  Here, Petitioner must prove that when the state court adjudicated his claim its decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).

The Eighth Circuit has described the review under § 2254(d)(1) as follows:

A decision is "contrary to" federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or if it "confront[ed] facts that are materially indistinguishable from a relevant Supreme Court precedent" but arrived at an opposite result. *Williams v. Taylor*, 529 U.S. 362, 405, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A state court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 407.

A federal court may not issue the writ simply because it "concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411.

*Engesser v. Dooley*, 457 F.3d 731, 735-36 (8th Cir. 2006). Under this standard, the federal court "must deny a writ – even if we disagree with the state court's decision – so long as that decision is reasonable in view of all the circumstances." *May v. Iowa*, 251 F.3d 713, 716 (8th Cir. 2001) (*citing Williams*, 529 U.S. at 409-13).

## III.   DISCUSSION

The Minnesota Court of Appeals found Petitioner's argument that the resentencing hearing was the equivalent to a reprosecution of the burglary offense with aggravating factors, and thus a violation of the Double Jeopardy Clause, to be meritless. Citing *Hankerson v. State*, 723 N.W.2d 232, 240-41 (Minn. 2006), the court explained that the Minnesota Supreme Court had previously rejected this argument, stating that "the use of a sentencing jury to

6

consider aggravating factors in [a] resentencing hearing does not violate the Double Jeopardy Clause." *Berry II*, 2007 WL 2472119, at *3.

The court's decision in this regard is not contrary to, nor does it involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.  The Double Jeopardy Clause offers defendants protection from three different kinds of abuse:  (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense.  *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969), *overruled on other grounds by, Alabama v. Smith*, 490 U.S. 794 (1989).  As the Minnesota Supreme Court explained in *Hankerson*:

> Applying the reasoning of *Sattazahn*  and *Lockhart* here, if the state in the first trial had not sought an aggravated sentence or if the district court had "acquitted" *Hankerson* of the aggravating factors, double jeopardy might prevent the retrial of those factors to a sentencing jury on resentencing.  Or, if the state had presented insufficient evidence to support the district court's adoption of the aggravating factors in the first trial, the *Burks* exception [*Burks v. United States*, 437 U.S. 1, 16-17 (1978)] might likewise preclude any consideration of these aggravating factors on resentencing.  But the state did seek an aggravated sentence in the first trial.  And the district court did determine, in the first sentencing hearing, that the aggravating factors had been proven by the state. There is no claim that the evidence was insufficient to prove these factors.

723 N.W.2d at 238-39.  Such was the situation here.  That is, the state sought an aggravated sentence in the first instance, there was not an acquittal of Petitioner

of the aggravating factors, and there is no claim that the evidence was insufficient to prove these factors.  Therefore, there was no violation of the Double Jeopardy Clause, and there is no basis to conclude that the Minnesota Supreme Court's reasoning in *Hankerson*, as applied in this case, is "contrary to . . . clearly established federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).

The second aspect of Petitioner's double-jeopardy claim is based on the fact that the state trial court imposed a consecutive sentence for the second count of first-degree burglary that departed upward from a 21-month presumptive sentence to 60 months.  The trial court found that there were severe aggravating factors to warrant this greater-than-double departure, including the fact that the second burglary involved the revictimization of an 81-year-old blind man. Petitioner argues that the use of "revictimization" as a severe aggravating factor meant that the trial court was using the conviction for the March 2003 burglary to support the greater-than-double departure in its sentencing for the July 2003 burglary.  He contends that this constitutes double jeopardy.

The Minnesota Court of Appeals in *Berry II* summarized the trial court's reasoning in resentencing Petitioner:

> Because the 60-month sentence was greater than a double departure, the state requested that the district court find that *severe* aggravating factors existed.  The district court stated that "in this matter I am finding that this is an even more severe situation, because of the return to [the victim's] apartment and the targeting of the victim because of the knowledge of his vulnerability."  In

8

> addition, the court stated:  "I've considered the burden
> of proof of each of the possible grounds for departure
> and do find that, especially in the second sentence
> where I did depart more than twice, that it is because of
> the re-victimization and the severeness of the
> aggravating factors in this case."  (emphasis in original).

2007 WL 2472119, at *2 (emphasis in original).  Considering revictimization for

purposes of sentencing for a separate offense does not mean that the court was

imposing "multiple punishments for the same offense."  *Pearce*, 395 U.S. at 717.

Instead, the court here was imposing two separate punishments for two separate

offenses – the March 2003 burglary and the July 2003 burglary.  Although

"conduct underlying one conviction for which a defendant was sentenced cannot

be used to support an upward sentencing departure for a separate conviction,

*State v. Osborne*, 715 N.W.2d 436, 446 (Minn. 2004), it was not the previous

*conduct underlying the March 2003 burglary* that the court considered when

determining an upward departure for the July 2003 burglary was justified.

Instead, it was the fact that the Petitioner had chosen the same vulnerable victim

twice.  The identity of the victim had nothing to do with the elements of the first

offense, nor with the conduct underlying the March 2003 burglary that resulted in

Petitioner's conviction.  Therefore, this Court concludes that it was not a violation

of Petitioner's constitutional protection against double jeopardy for the court to

consider, for purposes of sentencing, the fact that the same person was the

victim of two offenses committed by Petitioner.  Thus, the decision of the

Minnesota Court of Appeals in this case was neither "contrary to, [n]or involved

an unreasonable application of, clearly established Federal law, as determined

by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).

## III.   RECOMMENDATION

Based on the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.   Petitioner's Amended Application for Habeas Corpus under 28

U.S.C. § 2254 (Doc. No. 7), be **DENIED**; and

2.   This action be **DISMISSED WITH PREJUDICE**.


Date: March 2, 2009

_s/ Jeffrey J. Keyes_____
JEFFREY J. KEYES
United States Magistrate Judge


Under D.Minn. LR 72.2(b) any party may object to this Report and
Recommendation by filing with the Clerk of Court, and serving all parties by
**March 16, 2009**, a writing which specifically identifies those portions of this
Report to which objections are made and the basis of those objections.  Failure
to comply with this procedure may operate as a forfeiture of the objecting party's
right to seek review in the Court of Appeals.  A party may respond to the
objecting party's brief within ten days after service thereof.  All briefs filed under
this rule shall be limited to 3500 words.  A judge shall make a de novo
determination of those portions of the Report to which objection is made.  This
Report and Recommendation does not constitute an order or judgment of the
District Court, and it is therefore not appealable directly to the Circuit Court of
Appeals.