# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Terrel A. Berry,

           Petitioner,

v.

Joan Fabian,

           Respondent.

**MEMORANDUM OPINION AND ORDER**
Civ. No. 08-4859 ADM/JJK

___

Terrel A. Berry, pro se.

Peter R. Marker, Esq., Assistant Minnesota Attorney General, St. Paul, MN, counsel for Respondent.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Petitioner Terrel A. Berry's ("Berry") Objections [Docket No. 20] to Magistrate Judge Jeffrey J. Keyes's March 2, 2009, Report and Recommendation ("R&R") [Docket No. 19]. Judge Keyes recommends that Berry's 28 U.S.C. § 2254 Amended Petition for Writ of Habeas Corpus [Docket No. 7] be denied and that the action be dismissed with prejudice. For the reasons set forth below, Berry's Objections are overruled and the R&R is adopted.

## II. BACKGROUND[1]

On March 21, 2003, Berry gained entry into the apartment of an 81-year-old man by posing as a female employee of the apartment complex where the victim lived. The victim was blind, hearing-impaired, and communicated through a specially-equipped television monitor.

___

[1] This background incorporates the facts as set forth in State v. Berry, No. A06-1104, 2007 WL 2472119 (Minn. Ct. App. Nov. 13, 2007) ("Berry II").

Berry used the monitor to ask the victim for money and the victim gave him two dollars. Berry then entered the victim's bedroom and stole an additional $420.

On July 17, 2003, Berry entered the victim's apartment again. This time Berry gained entry by posing as a package deliverer. Berry stole the victim's checks, which he fraudulently cashed for approximately $1,056.

On March 23, 2004, Berry pled guilty to two counts of first-degree burglary in violation of Minn. Stat. §§ 609.582, subd. 1(a), 609.1095, subd. 3 (2002). The Hennepin County District Court imposed sentences of 120 months for the first offense and 60 months for the second offense to be served consecutively. Both sentences were upward departures from the sentencing guidelines' presumptive sentence.

Berry appealed arguing that a jury had not made the factual findings supporting the aggravating factors that led to the upward departures from the sentencing guidelines presumptive sentence. The Minnesota Court of Appeals remanded for resentencing in accordance with Blakely v. Washington, 542 U.S. 296 (2004). State v. Berry, A04-1435, 2005 WL 1021374 (Minn. Ct. App. May 3, 2005) ("Berry I"), review denied (Minn. July 19, 2005).

On remand, Berry was noticed that the state would seek an upward departure. The trial court granted the State's request to empanel a sentencing jury to determine the existence of aggravating factors. Berry pled not guilty to the aggravating factors, waived his right to a sentencing jury, and the issue of aggravating factors was tried to the court. On March 16, 2006, the district court found that the state proved beyond a reasonable doubt the existence of three aggravating factors: (1) the victim was particularly vulnerable due to age, infirmity, or reduced physical capacity, which was known or should have been known by Berry; (2) Berry

2

intentionally selected his victim because of the victim's disability and age; and (3) Berry was a dangerous offender. The court also found severe aggravating factors regarding the second burglary. Of most significance to this Petition was a finding that Berry returned to revictimize the victim in his apartment with knowledge of his vulnerability.

The district court re-imposed its original sentences of 120 and 60 months to be executed consecutively. The 120-month sentence is twice as long as the presumptive sentence of 60 months, and the 60-month sentence is almost three times as long as the presumptive sentence of 21 months.

Berry again appealed, the Minnesota Court of Appeals affirmed, and the Minnesota Supreme Court denied review. Berry II, 2007 WL 2472119, *review denied* (Minn. Nov. 13, 2007). Berry then filed the instant amended petition for a writ of habeas corpus on September 5, 2008. In his amended application, Berry states that his state court conviction was "obtained by violation of the protection against double jeopardy." Amended Petition [Docket. No. 7] at 5. Berry frames his claim as follows:

> We assert that the aggravating factors were determined in error as they were illegally used on both counts as revictimization of the same offense, also where a upward departure shall not be imposed where there was an imposition of consecutive sentences wherein the state charged elements of an enhanced version of the same offense for which I were already convicted, which clearly violated the double jeopardy clause.

Id.

In his R&R, Judge Keyes recommended that Berry's Amended Petition for habeas relief be denied with prejudice. Judge Keyes concluded that there was no violation of the Double Jeopardy Clause for two reasons. First, Judge Keyes concluded that the resentencing hearing

3

was not equivalent to a second prosecution in violation of the Double Jeopardy Clause. R&R at 6-8. Second, Judge Keyes concluded that the trial court did not impose multiple punishments for the same offense in violation of the Double Jeopardy Clause. R&R at 8-10. Berry objects to Judge Keyes's conclusions. Berry also raises several new objections that were not raised in his Amended Petition.

## III. DISCUSSION

### A. Standard of Review

The district court reviews de novo those portions of a R&R to which objection is made and "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. R. 72.2(b). Under 28 U.S.C. § 2254, federal court habeas review of state court criminal convictions resulting in incarceration is limited. A section 2254 petition challenging a state conviction,

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim— (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1). "If it plainly appears from the [habeas] petition . . . that the petitioner is not entitled to relief . . . the judge must dismiss the petition . . . ." Rules Governing Section 2254 Cases, R. 4.

### B. Objections

#### 1. Double Jeopardy

While his objections are not entirely clear, Berry appears to make two arguments that his

4

sentences violate the Double Jeopardy Clause of the Fifth Amendment. First, Berry contends that the resentencing hearing to determine aggravating factors was equivalent to a second prosecution for a greater offense because of the inclusion of aggravating factors. Second, Berry argues that by using "revictimization" as a severe aggravating factor, the state trial court used the conviction for the March 2003 burglary to support the upward sentencing departure for the subsequent burglary.

The Double Jeopardy Clause of the Fifth Amendment states that "[no] person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Double Jeopardy Clause offers protection from three kinds of abuse: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711, 717 (1969), overruled on other grounds by, Alabama v. Smith, 490 U.S. 794 (1989); See also U.S. v. Bennett, 44 F.3d 1364, 1368 (8th Cir. 1995). Once jeopardy has attached and terminated as to a particular offense, the government may not retry or punish the defendant again for the same offense. Pearce, 395 U.S. at 718. Before the double jeopardy protection of the Fifth Amendment will prevent reprosecution for the same offense, however, some event must terminate the original jeopardy. Richardson v. United States, 468 U.S. 317, 325 (1984).

Berry argues the resentencing hearing to determine aggravating factors was the equivalent of a second prosecution for the greater offense of burglary with aggravating factors violating the second protection defined by Pearce. This same claim was raised and rejected in his post-conviction petition to the Minnesota Court of Appeals in Berry II. 2007 WL 2472119 at

*3. In the R&R, Judge Keyes concluded that Berry failed to show that the rejection of this claim by the Minnesota Court of Appeals was contrary to or an unreasonable application of established Supreme Court precedent. R&R at 8. The Court agrees.

In rejecting Berry's claim, the Minnesota Court of Appeals relied on <u>Hankerson v. State</u>, 723 N.W.2d 232 (Minn. 2006). In <u>Hankerson</u>, the Minnesota Supreme Court found that "the use of a sentencing jury to consider aggravating factors in [a] resentencing hearing does not violate the Double Jeopardy Clause." <u>Id.</u> at 240-241. In doing so, the Minnesota Supreme Court relied in part on a U.S. Supreme Court case, <u>Sattazahn v. Pennsylvania</u>, 537 U.S. 101 (2003). In <u>Sattazahn</u>, the Court found that jeopardy in capital-sentencing proceedings does not terminate unless the fact finder affirmatively rejects the existence of aggravating factors in a manner that can fairly be called an "acquittal" on those factors. <u>See</u> 537 U.S. at 107-109.

The Court agrees with the Minnesota Supreme Court in <u>Hankerson</u> that:

> Applying the reasoning of <u>Sattazahn</u> and <u>Lockhart</u> here, if the state in the first trial had not sought an aggravated sentence or if the district court had "acquitted" Hankerson of the aggravating factors, double jeopardy might prevent the retrial of those factors to a sentencing jury on resentencing. Or, if the state had presented insufficient evidence to support the district court's adoption of the aggravating factors in the first trial, the <u>Burks</u> [ v. United States, 437 U.S. 1, 16-17 (1978)] exception might likewise preclude any consideration of these aggravating factors on resentencing. But the state did seek an aggravated sentence in the first trial. And the district court did determine, in the first sentencing hearing, that the aggravating factors had been proven by the state. There is no claim that the evidence was insufficient to prove these factors.

723 N.W.2d at 238-39.

The state sought an aggravated sentence in Berry's first trial, and it did not seek a more severe penalty at resentencing. <u>Berry II</u>, 2007 WL 2472119. Additionally, there was no

acquittal of Berry of the aggravating factors. The state was not getting a second chance to prove something it failed to prove the first time. Furthermore, Berry does not claim that the evidence was insufficient to prove the aggravating factors. Judge Keyes correctly concluded that there was no violation of the Double Jeopardy Clause.

Berry also argues that by using "revictimization" as a severe aggravating factor, the state trial court used the conviction for the March 2003 burglary to support the upward departure in its sentence for the subsequent burglary. He appears to be claiming that he recieved multiple punishments for the same offense. Judge Keyes concluded that considering revictimization for the purpose of imposing a sentence for a separate offense does not constitute multiple punishments for the same offense. R&R at 9. The Court agrees. Berry received separate punishments for separate offenses; a 120-month sentence for the March 2003 burglary and a 60-month sentence for the July 2003 burglary. The conduct of the March 2003 burglary was not considered when determining the upward departure for the July 2003 burglary. Rather, Berry received a more severe sentence "because of the return to [the victim's] apartment and the targeting of the victim because of the knowledge of his vulnerability." Berry II, 2007 WL 2472119, at *3.

### 2. Other Objections

Berry also raises several other objections, none of which appear in his Amended Petition. First, Berry contends that imposing consecutive sentences was improper. Objections at 1-2. Second, Berry argues that his sentence violates his Sixth Amendment right to a jury trial. Objections at 1. Third, since Berry was convicted in 2004, he claims that he is entitled "to sentence modification . . . where a change in the law has affected the Minnesota Statute which

directly affects my sentence . . . " apparently arguing that the 2005 amendments to the sentencing guidelines authorizing sentencing juries only apply to convictions entered after the 2005 effective date. Objections at 2. Fourth, Berry claims that the trial court's grounds for an upward departure were improper. Objections at 2. Finally, Berry argues that the trial court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court. Objections at 3.

As an initial matter, Berry did not raise these arguments before Judge Keyes. "The purpose of referring cases to a magistrate for recommended disposition would be contravened if parties were allowed to present only selected issues to the magistrate, reserving their full panoply of contentions for the trial court." Roberts v. Apfel, 222 F.3d 466, 470 (8th Cir. 2000) (quotation omitted). Thus, the general rule is that "a claimant must present all his claims squarely to the magistrate judge, that is, the first adversarial forum, to preserve them for review." Id.; see also Hammann v. 1-800 Ideas.com, Inc., 455 F. Supp. 2d 942, 947-48 (D. Minn. 2006) (holding that a party cannot raise arguments in his objections to an R&R that were not clearly presented to the magistrate judge). Since these arguments were not presented to Judge Keyes, Berry's other objections are not properly before the Court.

Even if these claims were before the Court, they are meritless. First, Berry argues that imposing consecutive sentences was improper. The decision to impose concurrent or consecutive sentences falls within the discretion of the trial court. Minn. Stat. § 609.15 (2009); State v. Ouk, 516 N.W.2d 180, 186 (Minn. 1994). Nothing indicates the trial court abused its discretion.

Berry's remaining claims also fail. Berry argues that his sentence violates his Sixth

Amendment right to a jury trial. A sentence can violate a defendant's Sixth Amendment right to a jury trial when it exceeds the statutory maximum and is based on judicially determined facts that were not admitted by the defendant nor found by a jury. Blakely, 542 U.S. at 302-03. The statutory maximum is the greatest sentence a judge may impose solely on the basis of the facts reflected in the jury's verdict or admitted by the defendant, not the maximum sentence a judge may impose after finding additional facts. Id. at 303-04. Berry's original sentence exceeded the maximum sentence based on facts that were not admitted by Berry nor found by a jury and the Minnesota Court of Appeals remanded for resentencing in accordance with Blakely. On remand, Berry waived his right to a sentencing jury and agreed that the existence of aggravating factors could be tried to the court. Berry had an opportunity to have the aggravating factors tried to a jury, as was his right, but declined. Therefore, his sentence does not violate his rights under the Sixth Amendment or Blakely.

Next, Berry claims that he is entitled "to sentence modification . . . where a change in the law has affected the Minnesota Statute which directly affects my sentence . . . ." In Minnesota, when the state provides notice seeking an upward durational departure, the district court must allow the state an opportunity to prove beyond a reasonable doubt to a jury the existence of aggravating factors. Minn. Stat. § 244.10, subd. 5 (Supp. 2005). Berry appears to claim that the 2002 sentencing guidelines applicable at the time of his conviction did not allow for the use of sentencing juries to impose aggravated sentences. Thus, the trial court was not authorized to empanel a sentencing jury. In Hankerson, the Minnesota Supreme Court held that "the 2005 amendments to section 244.10 subd. 5(a), and the former version of Minn. Sent. Guidelines II.D. authorize a district court to impanel a sentencing jury on the sentencing of a conviction obtained

9

before the act's effective date and to use the jury's findings to impose a new sentence, including, where appropriate, an aggravated sentence." 723 N.W.2d at 236. The Court agrees.

Berry also alleges that the grounds for upward departure were improper. This claim fails because there is no indication that this claim implicates federal law. See 28 U.S.C. § 2254(a) (requiring that an applicant must assert a violation of federal statute, Constitution, or treaty). However, even if these issues were not based purely on state law, the Amended Habeas Petition does not allege facts sufficient to establish that the decision of the Minnesota Court of Appeals was unreasonable or contrary to federal law. See 28 U.S.C. 2254(d)(1), (2); Berry II, 2007 WL 2472119. Therefore, Berry is not entitled to relief on these grounds.

Finally, Berry argues that the court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court. Again, Berry offers no evidence in support of this claim. Furthermore, nothing indicates that the finding of aggravating factors by the court was an unreasonable determination of the facts based on the evidence presented.

# IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Terrel A. Berry's Objections [Docket No. 20] are **OVERRULED**;

2. The Report and Recommendation [Docket No. 19] is **ADOPTED**; and

3. Petitioner's 28 U.S.C. § 2254 Amended Petition for Writ of Habeas Corpus [Docket No. 7] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


　　　s/Ann D. Montgomery　　　
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: June 17, 2009.